# EXHIBIT B

Providence/Bristol County Superior Court
Filed: 8/14/2018 11:36 PM
Envelope: 1669360
Reviewer: Lynn G.

STATE OF RHODE ISLAND                                                        SUPERIOR COURT
PROVIDENCE, SC.

ANDRE GILL, P.E.
       Plaintiff,

       v.                                                                C.A. No. PC-2018-5810

ALEXION PHARMACEUTICALS, INC.,
and KATHERINE LEITCH, P.E., individually
and as Director of Engineering,
       Defendants.

## COMPLAINT

Plaintiff Andre Gill, P.E., hereby commences this action against the Defendants and alleges:

### I. JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant to R.I.G.L. §§ 8-2-13, 8-2-14, 28-50-1 and 42-112-1 and 42 U.S.C. § 1981.

2. Venue is proper in this Court pursuant to R.I.G.L. §§ 9-4-3 and 9-4-4.

3. Venue is proper in this Court pursuant to R.I.G.L. §§ 9-4-3 and 9-4-4 because the acts complained of herein occurred at the Defendant corporation's manufacturing facility in Smithfield, Rhode Island.

### II. THE PARTIES

4. Plaintiff Andre Gill, P.E. (hereinafter "Plaintiff") is a black African America who at all times relevant to this action was a resident of Providence County, Rhode Island and a professional engineer employed by Defendant Alexion Pharmaceuticals, Inc. Further, Plaintiff is a "person" within the meaning of R.I.G.L. §42-112-1, et seq, and 42 U.S.C. § 1981, and an "employee" within the meaning of R.I.G.L. §§ 28-50-2(1) and 28-50-3(4).

5. Defendant Alexion Pharmaceuticals, Inc. is a Delaware for-profit corporation which at all times relevant to this action maintained a manufacturing facility at 100 Technology Way in Smithfield, Rhode Island and was Plaintiff's "employer" within the meaning of R.I.G.L. §28-50-2(2).

6. Defendant Katherine Leitch, P.E., (hereinafter "Defendant Leitch") commencing in or about April 2013 was employed by Defendant Alexion as Director of Engineering for its the Smithfield manufacturing facility and at that time became Plaintiff's immediate superior. Based upon the authority and control granted to her by Defendant Alexion, Defendant Leitch exercised

Providence/Bristol County Superior Court
ted: 8/14/2018 11:36 PM
pe: 1669360
er: Lynn G.

control over the terms and conditions of Plaintiff's employment, was Plaintiff's "employer" within the meaning of R.I.G.L. §28-50-2(2) and a "supervisor" within the meaning of R.I.G.L. §§ 28-50-2 (5) and 28-50-3 (4).

7. Hereinafter Defendant Alexion and Defendant Leitch are referred to as the "Defendants."

### III. FACTUAL ALLEGATIONS

8. Defendant Alexion employed Plaintiff from on or about September 2011 until Defendants illegally terminated Plaintiff's employment on and effective August 13, 2015 because of Plaintiff's race and color and because of plaintiff's numerous statutorily protected complaints to his supervisors including without limitation Defendant Leitch regarding lawful compliance issues known to Plaintiff and reported to Defendant Alexion and to his supervisors based on his knowledge, training, expertise and lawful diligence in the course of his exemplary employment by the Defendants.

9. Throughout the course of Plaintiff's employment, Plaintiff's valuable job performance met or exceeded the legitimate expectations of the Defendants as his employer.

10. Prior to Defendant Leitch becoming Plaintiff's supervisor Plaintiff's consistently valuable job performance earned Plaintiff very positive annual and other performance evaluations, earned Plaintiff a double promotion to Senior Engineer and Manager, and Plaintiff earned Plaintiff the maximum raises paid and or close to the maximum raises paid with respect to the period prior to Defendant Leitch becoming his super employment.

11. Upon Defendant Leitch's commencement of her role as Plaintiff's supervisor, Defendant Leitch discriminated against Plaintiff because of Plaintiff's race and color. Specifically, to demean Plaintiff because of his race and color, Defendant Leitch consistently refused to show any respect for Plaintiff's professional engineering judgment; Defendant Leitch consistently subjected Plaintiff to knowingly unwarranted criticism; Defendant Leitch withheld any positive encouragement from Plaintiff; and Defendant Leitch subjected Plaintiff to negative performance evaluations that were unreasonable and discriminatory and that purposefully operated to deny Plaintiff the superior pay raises that Plaintiff's continued exemplary job performance would have continued to earn Plaintiff if not supervised and reviewed by Defendant Leitch.

12. Proof of Defendant Leitch's race based animus against the Plaintiff is further corroborated by the following discriminatory terms and conditions of employment that Defendants suffered upon the Plaintiff Defendants after Defendant Leitch became Plaintiff's supervisor: a) the uninterrupted consistency of the unfair, unreasonable and unwarranted negative treatment to which Defendant Leitch subjected the Plaintiff; b) to disparage, demean and disrespect (or otherwise evidence Defendant Leitch's racial animus against) the Plaintiff, virtually 100% of the time, Defendant Leitch refused ever to make eye contact with the Plaintiff; c) Defendant Leitch discriminated against the Plaintiff by imposing his first disappointing performance evaluation only 4 weeks after Defendant Leitch commenced employment as

Providence/Bristol County Superior Court
ted: 8/14/2018 11:36 PM
pe: 1669360
er: Lynn G.

Plaintiff's supervisor at which juncture Defendant Leitch lack any object basis and non-purely subjective basis to rate the Plaintiff at all at which time Defendant Leitch discriminatorily exercised her corporate powers to materially downgrade Plaintiff performance ratings in a manner that was false, misleading and discriminatory; d) Defendant Leitch subjected Plaintiff to public treatment that was defamatory as solely motived by the negative racial animus that Defendant Leitch; and e) unable to find any material basis on which to script another discriminatory formal negative performance evaluation, with zero notice of possible termination, at the time set on August 13, 2015 for Defendant Leitch's formal mid-year evaluation, Defendant Leitch caused Defendant Alexion's cognizant officers and corporate executives to approve and or ratify Plaintiff's illegal, discriminatory and retaliatory termination of the Plaintiff on the false pretext of lacking performance.

13. Within hours or days, Defendants began to post one or more job opening announcements for some or all of Plaintiff's core engineering duties at the end of which "replacement" process, Defendants caused, at greatly increased labor costs, three patently less qualified white males to be hired to perform all of the engineering duties previously performed always in an exemplary manner by the Plaintiff for much less money.

14. Throughout Defendants' employment of the Plaintiff, in engineering meetings and in problem-solving emails and reports, Plaintiff repeatedly and consistently delineated necessary, effective, practical problem-solving engineering solutions that were professionally and technically sound and efficacious, that greatly increased Defendants' short-term and long-term profitability, that demonstrated Plaintiff's very valuable and insightful creative adaptability and utilitarian operational effectiveness and that artfully but conscientiously factored, explained, accounted for and demonstrated the imperative need of the Defendants and all of the Defendants cognizant operations, quality, safety and engineering executives and managers to adhere to the myriad mandatory legal mandates applicable to Defendants highly valuable, highly complex and highly sensitive manufacturing and monitoring operations by approving and implementing Plaintiff's thus communicated necessary engineering problem-solving protocols to maintain and/or achieve necessary compliance with mandatory mandates.

15. In no instance in which Plaintiff delineated any such necessary engineering compliance solution was Plaintiff ever demonstrated, or ever even deemed, to have presented a necessary engineering compliance solution that was erroneous, impractical, not contextually cost-conscious and or not necessary and or not warranted as Plaintiff in each such instance then reported and explained to Plaintiff's supervisors and Defendants cognizant top managers.

16. In the context of Plaintiff's communication of the technical compliance matters described in the two prior paragraphs in this complaint, all such communications of the Plaintiff became known to Defendant Leitch and several of Defendants' other top managers, and Plaintiff from time to time presented such reports in the form of statutorily protected complaints, protected *inter alia*, by R.I.G.L. §28-50-1, *et seq.*, as Plaintiff in each such instance either then contemporaneously documented and or verbally explained and in each such instance Plaintiff's statutorily protected complaints were fully understood by the operational imperatives that Defendants had to manage by reference to Plaintiff's verbal explanations to Defendants managers and supervisors, including without limitation Defendant Leitch as typically corroborated by

3

n Providence/Bristol County Superior Court
tted: 8/14/2018 11:36 PM
)pe: 1669360
ver: Lynn G.

Plaintiff's contemporaneously communicated engineering compliance report emails and other related compliance engineering solution explanations.

17. Because of and to illegally retaliate against Plaintiff's statutorily protected complaints, Defendant Alexion's cognizant officers and corporate executives either conspired against Plaintiff and or otherwise knowing encouraged, authorized, directed and/or approved and ratified Defendant Leitch's discriminatory and or retaliatory wrongful employment practices suffered upon the Plaintiff to cause the Plaintiff to involuntarily quit his valuable employment with Defendants and failing that implement the retaliatory and discriminatory termination of Plaintiff's employment.

18. To humiliate, harass and offend Plaintiff because of Plaintiff's race and color and to retaliate against and punish Plaintiff for making statutorily protected complaints, Defendants repeatedly discriminated and retaliated against Plaintiff by repeatedly subjecting Plaintiff to unlawful, discriminatory, retaliatory, demeaning, offensive, humiliating and unwarranted criticisms of Plaintiff's valuable job performance, unwarranted criticisms that Defendants knew were baseless, false, discriminatory and retaliatory with the Defendants' unlawful, discriminatory, retaliatory and abusive purpose being to discriminate, harass, humiliate, offend and retaliate against Plaintiff to attempt to force Plaintiff to quit his valuable employment with the Defendants.

19. At all times relevant to this action, the corporate Defendant had no effective policy against illegal retaliation or discrimination based upon race or color and Defendants thereby caused Plaintiff to suffer great and continuing harm as a result.

20. But for Defendants' intention to purposefully discriminate against Plaintiff because of Plaintiff's race and to retaliate against and punish Plaintiff for making Plaintiff's statutorily protected complaints, Defendants would have paid to Plaintiff one or more increased pay raises, would not have subjected Plaintiff to knowingly false and unwarranted performance criticisms, would not have terminated Plaintiff's valuable employment, but rather would have allowed Plaintiff to continue to demonstrate and enjoy the fruits of his education, experience, skill, intellect, hard work and professionalism applied diligently and profitably to advance the Defendants' business and profitability and inter alia, the corporate Defendant would at the end of December 2017 or thereabouts relocated Plaintiff and his family to work for the corporate Defendant in Ireland.

21. The offensive, unsettling and humiliating discriminatory and retaliatory terms and conditions that the Defendants illegally suffered upon Plaintiff were intentionally discriminatory and retaliatory and materially degraded Plaintiff's health, causing Plaintiff to suffer grave injuries, including without limitation, extreme and sever emotional distress.

22. The unsettling and humiliating attacks and threats that Defendants illegally suffered upon Plaintiff over a long period of time were intentionally discriminatory and retaliatory and materially degraded Plaintiff's peace of mind with Plaintiff constantly working and living in fear of Defendants' next act of humiliation or discrimination, next unwarranted condemnation of his person, next unwarranted attack on his valuable work performance with

4

Providence/Bristol County Superior Court
tted: 8/14/2018 11:36 PM
pe: 1669360
ver: Lynn G.

Defendants repeatedly threatening to terminate Plaintiff's valuable employment in his chosen career.

23. By virtue of Plaintiff's education, experience, skill, intellect, hard work and professionalism, Plaintiff's job performance always provided valuable benefits to the Defendants and Defendants' wrongful, discriminatory and retaliatory terms and conditions of employment illegally suffered upon Plaintiff deprived Plaintiff of his statutorily protected EEO rights and deprived Plaintiff of his implied contractual right to work in an environment free from the discrimination, retaliation, harassment, abuse and humiliation and Defendants unreasonably interfered with Plaintiff's work performance, unlawfully limiting and impairing Plaintiff's ability to perform his work in the most innovative, most efficient and most profitable manner then otherwise normally possible. Defendants purposefully and abusively brought to bear their discrimination, retaliation and harassment upon Plaintiff because of Plaintiff's race and color and to retaliate against and punish Plaintiff for making his statutorily protected complaints.

24. The discriminatory, retaliatory, and harassing conduct that the Defendants illegally suffered upon Plaintiff constituted unequal treatment that would not have occurred but for the Defendants' intention to harass and discriminate and retaliate against Plaintiff and was severe or pervasive, adversely and materially degraded the terms and conditions of Plaintiff's employment and created an intentionally hostile and abusive work environment that Plaintiff actually, objectively, subjectively and reasonably perceived to be offensive, hostile, abusive and extremely harmful.

25. The discriminatory, retaliatory, and harassing conduct that the Defendants illegally suffered upon Plaintiff was offensive, hostile, abusive, severe, pervasive, continuous, physically threatening, humiliating, harmful to Plaintiff's physiological and psychological health and well-being open and notorious, and unlawfully deprived Plaintiff of the right to work in a reasonable working environment because of Plaintiff's race and color and his statutorily protected complaints.

26. The discriminatory, retaliatory, and harassing conduct that the Defendants illegally suffered upon Plaintiff was so extreme, open, notorious and persistent that Defendants had actual knowledge of the illegal conduct that Defendants suffered upon Plaintiff in the course of his employment.

27. Despite having actual knowledge of the on-going hostile environment racial harassment, and discriminatory terms and conditions of Plaintiff's employment, no Defendant took any remedial action to limit the illegal conduct that Plaintiff suffered during the course of Plaintiff's employment and unlawfully allowed and ratified the Defendants' illegal, discriminatory and retaliatory termination of Plaintiff's valuable employment.

28. The hostile environment racial harassment, the race discrimination, retaliation and forced discriminatory terms and conditions of employment to which Defendants subjected Plaintiff were offensive, severe and pervasive and deprived Plaintiff of the right to work in a reasonable working environment, created a racially hostile and abusive working environment, adversely degraded the terms and conditions of Plaintiff's employment and caused Plaintiff to

5

Providence/Bristol County Superior Court
lted: 8/14/2018 11:36 PM
pe: 1669360
ver: Lynn G.

suffer extreme and severe emotional distress, with resulting grave injuries, mental anguish, inconvenience, loss of enjoyment of life, public humiliation, future pecuniary losses, and other non-pecuniary losses and will continue to do so now and in the future.

29. The hostile environment racial harassment, race discrimination, retaliation and forced discriminatory terms and conditions of employment to which Defendants subjected Plaintiff were offensive, severe and pervasive and deprived Plaintiff of the right to work in a reasonable working environment, created a racially hostile and abusive working environment, adversely degraded the terms and conditions of Plaintiff's employment, eventually resulted in Plaintiff's illegal termination and caused Plaintiff to suffer substantial pecuniary damages, including lost wages, raises, fringe benefits, stock option losses as well as other pecuniary damages.

30. As alleged herein, the Defendants intentionally and maliciously and without justification or excuse subjected Plaintiff to hostile environment racial harassment and retaliatory terms and conditions of employment based upon Plaintiff's race and color and statutorily protected complaints. The illegal conduct and retaliation of the Defendants were motivated by malice or ill will and demonstrated reckless and callous indifference to Plaintiff's statutorily protected right to work in an environment free from unlawful employment discrimination, racial harassment and unlawful retaliation.

31. The conduct of each Defendant warrants the imposition of common law punitive or exemplary damages, because, the Defendants' wrongful actions complained of herein were taken in a gross abuse of the Defendants' exercise of their individual and/or corporate powers, were motivated by malice or ill will, were taken without justification, excuse or defense, but rather were taken in a purposefully discriminatory and illegal manner, wrongfully, maliciously, wantonly, recklessly, intentionally, wickedly, criminally, purposefully, outrageously, in a manner that shocks the conscience of civilized society and that rose to the level of criminality.

32. Defendants stand jointly and severally liable to Plaintiff for his damages resulting from the Defendants' illegal and wrongful actions complained of herein.

## COUNT I
## VIOLATION OF R.I.G.L. § 42-112-1
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT

33. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

34. Defendants purposefully and maliciously and without justification or excuse took the wrongful, discriminatory and abusive actions herein complained of in violation of R.I.G.L. § 42-112-1 and unlawfully subjected Plaintiff to discriminatory terms and conditions of employment because of Plaintiff's race and color and, as a direct and proximate result of such discrimination and illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages and relief more fully alleged in paragraphs 27-32 above.

6

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT II
## VIOLATION OF R.I.G.L. § 42-112-1
## DISCRIMINATORY HOSTILE WORK ENVIRONMENT

35. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

36. Defendants purposefully and maliciously and without justification or excuse took the wrongful, discriminatory and abusive actions herein complained of in violation of R.I.G.L. § 42-112-1 and unlawfully subjecting Plaintiff to intentionally hostile and abusive work environment because of Plaintiff's race and color and, as a direct and proximate result of such harassment and illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages and relief more fully alleged in paragraphs 27-32 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT III
## WILLFUL VIOLATIONS OF R.I.G.L. § 28-50-3
## RETALIATORY TERMS AND CONDITIONS OF EMPLOYMENT

37. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

38. Defendants were aware that Plaintiff opposed and made complaints against Defendants' intentional illegal discrimination.

39. In violation of R.I.G.L. § 28-50-3, the Defendants engaged in the illegal and retaliatory course of conduct complained of herein, in a knowing, willful, malicious, purposeful and unlawful manner to retaliate against and punish Plaintiff for Plaintiff's statutorily protected complaints

40. As a result of Defendants' retaliatory violations of R.I.G.L. § 28-50-3, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages and relief more fully alleged in paragraphs 27-32 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

Providence/Bristol County Superior Court
Filed: 8/14/2018 11:36 PM
Type: 1669360
ver: Lynn G.

## COUNT IV
## VIOLATION OF R.I.G.L. § 42-112-1
## DISCRIMINATORY TERMINATION OF EMPLOYMENT

41. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

42. Defendants purposefully and maliciously and without justification terminated Plaintiff's employment in violation of R.I.G.L. § 42-112-1 because of Plaintiff's race and color and, as a direct and proximate result of such discrimination and illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages and relief more fully alleged in paragraphs 27-32 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth

## COUNT V
## WILLFUL VIOLATIONS OF R.I.G.L. § 28-50-3
## RETALIATORY TERMINATION OF EMPLOYMENT

43. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

44. Defendants were aware that Plaintiff opposed and made complaints against Defendants' intentional illegal discrimination.

45. In violation of R.I.G.L. § 28-50-3, Defendants terminated Plaintiff's employment to retaliate against and punish Plaintiff for Plaintiff's statutorily protected complaints.

46. As a result of Defendants' violations of R.I.G.L. § 28-50-3, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages and relief more fully alleged in paragraphs 27-32 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT VI
## VIOLATION OF 42 U.S.C. § 1981
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT

47. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

48. Defendants purposefully and maliciously and without justification or excuse took the wrongful, discriminatory and abusive actions herein complained of in violation of 42 U.S.C. § 1981 and unlawfully subjected Plaintiff to discriminatory terms and conditions of employment because of Plaintiff's race and color and, as a direct and proximate result of such discrimination and illegal

n Providence/Bristol County Superior Court
itted: 8/14/2018 11:36 PM
ope: 1669360
wer: Lynn G.

conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages and relief more fully alleged in paragraphs 27-32 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT VII
## VIOLATION OF 42 U.S.C. § 1981
## DISCRIMINATORY HOSTILE WORK ENVIRONMENT

49.  Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

50.  Defendants purposefully and maliciously and without justification or excuse took the wrongful, discriminatory and abusive actions herein complained of in violation of 42 U.S.C. § 1981 and unlawfully subjecting Plaintiff to intentionally hostile and abusive work environment because of Plaintiff's race and color and as a direct and proximate result of such harassment and illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages and relief more fully alleged in paragraphs 27-32 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT VIII
## VIOLATION OF 42 U.S.C. § 1981
## DISCRIMINATORY TERMINATION OF EMPLOYMENT

51.  Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

52.  Defendants purposefully and maliciously and without justification terminated Plaintiff's employment in violation of 42 U.S.C. § 1981 because of Plaintiff's race, color and country of ancestral original and, as a direct and proximate result of such discrimination and illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages and relief more fully alleged in paragraphs 27-32 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

1.  An Order directing Defendant Alexion to place Plaintiff in the position Plaintiff would have occupied but for Defendants' illegal, discriminatory, retaliatory or wrongful treatment of Plaintiff, to make Plaintiff whole for all earnings and benefits, including stock

Providence/Bristol County Superior Court
tted: 8/14/2018 11:36 PM
pe: 1669360
ver: Lynn G.

option value that Plaintiff would have received but for Defendants' unlawful and wrongful conduct, including, but not limited to, wages, employment benefits, and an Order requiring that Defendant Alexion reinstate Plaintiff to an appropriate position without further discrimination, harassment or retaliation including relocation to Ireland.

2. A finding that the Defendants stand jointly and severally liable to make Plaintiff whole for all damages suffered as a result of the wrongful acts and omissions alleged in each Count herein, including inter alia damages for personal injuries and sickness, back pay, front pay, stock options, increased health insurance costs and other pecuniary damages according to proof in an amount to be determined by a jury;

3. A finding that the Defendants stand jointly and severally liable to Plaintiff for an appropriate award of compensatory damages for the wrongful acts alleged herein including, without limitation, Plaintiff's compensatory damages for personal injuries, physical sickness, loss of enjoyment of life, emotional injuries, emotional pain and suffering, mental anguish, inconvenience, and other non-pecuniary losses according to proof in an amount to be determined by a jury;

4. A finding that the Defendants stand jointly and severally liable to Plaintiff for the imposition of statutory punitive or exemplary damages, because Defendants intentionally and maliciously and without justification or excuse subjected Plaintiff to discriminatory terms and conditions of employment, harassed Plaintiff because of his race and illegally retaliated against Plaintiff, thereby demonstrating each Defendant's reckless and callous indifference to Plaintiff's right to work in an environment free from unlawful race discrimination, racial harassment and retaliation, and demonstrating each Defendant's malice or ill will;

5. A finding that the Defendants stand jointly and severally liable to Plaintiff for the imposition of common law punitive or exemplary damages, because the Defendants' wrongful actions complained of herein were taken in a gross abuse of the Defendants' exercise of their individual and or corporate powers, were motivated by malice or ill will, were taken without justification, excuse or defense, but rather were taken in a purposefully discriminatory and illegal manner, wrongfully, maliciously, wantonly, recklessly, intentionally, wickedly, criminally, purposefully, outrageously, in a manner that shocks the conscience of civilized society and that rose to the level of criminality;

6. An Order declaring that the acts and practices complained of herein are in violation of 42 U.S.C § 1981, the Rhode Island Civil Rights Act of 1990, and the Rhode Island Whistleblowers' Protection Act;

7. An Order enjoining and permanently restraining each of the Defendants from future acts of discrimination, racial harassment and retaliation against Plaintiff and other minority employees;

8. An Order directing each of the Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

n Providence/Bristol County Superior Court
tted: 8/14/2018 11:36 PM
pe: 1669360
ver: Lynn G.

9. A finding that the Defendants stand jointly and severally liable to Plaintiff for an award of his reasonable attorneys' fees, litigation costs and other costs of this action, together with a post-trial hearing to determine the amount of Plaintiff's reasonable attorneys fees taxable to the Defendants, along with a determination of Plaintiff's litigation costs and expenses taxable to the Defendants;

10. An appropriate award of pre-judgment interest and post-judgment interest on all sums awarded;

11. Such other and further relief, including injunctive and declaratory relief, as the Court deems just and proper.

Respectfully submitted,

PLAINTIFF ANDRE GILL, P.E.

By his Attorney,

/s/ Charles S. Kirwan
Charles S. Kirwan          #4050
Kirwan Law
201 Wayland Avenue, Suite 8
Providence, RI 02906
401-359-1166
csk@KirwanLaw.net

## JURY TRIAL DEMAND

Plaintiff claims trial by jury on all issues triable by right to a jury. Charles S. Kirwan is hereby designated trial counsel.

/s/ Charles S. Kirwan
Charles S. Kirwan          #4050

11