```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
ANDRE GILL, P.E.                    )
                                    )
         Plaintiff,                 )
                                    )
     v.                             )    C.A. No. 18-696 WES
                                    )
ALEXION PHARMACEUTICALS, INC.,      )
and KATHERINE LEITCH, P.E.,         )
individually and as Director of     )
Engineering,                        )
                                    )
         Defendant.                 )
_____ )
```

## MEMORANDUM & ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Alexion Pharmaceuticals, Inc. and Katherine Leitch's (collectively "Defendants") Motion to Dismiss Counts I, II, III, and V of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(B)(6), ECF No. 6. For the reasons that follow, the Defendants' motion is GRANTED IN PART.

I.   Background

The Court is once again faced with pleadings in an employment discrimination action that present a tangled knot of factual allegations and conclusory statements. The Court has used its best efforts to understand the pleading's narrative. The recitation that follows accepts as true the Complaint's well-pled facts, while according its conclusory assertions no weight. See A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013);

Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 5 (1st Cir. 2001).

Plaintiff Andre Gill pleads eight claims under three statutes: 42 U.S.C. § 1981; the Rhode Island Whistleblowers' Protection Act ("RIWPA"), R.I. Gen. Laws § 28-50-3 et seq.; and the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1 et seq. The claims under each statute are premised on substantially the same factual allegations. See Compl., ECF No. 1-2. These include that Defendants: (1) subjected Plaintiff to discriminatory terms of employment (Counts I, IV, VI, VIII); (2) created an unlawful hostile work environment (Counts II, VII); and (3) retaliated against Plaintiff for making protected complaints (Counts III, V). Defendants have moved to dismiss only counts I, II, III, and V. Defs.' Mot. to Dismiss 1, ECF No. 6.

Defendant Alexion Pharmaceuticals, Inc. employed Gill as a professional engineer for approximately four years. Compl. ¶¶ 4, 8. Gill alleges that, before April 2013, his employer regarded him as an "exemplary" employee who received positive performance evaluations, two promotions, and several pay raises. Id. ¶¶ 6, 11.

In April 2013, Defendant Katherine Leitch became Gill's supervisor. Id. ¶ 6. Gill alleges that Leitch failed to demonstrate respect for Gill's engineering judgment, consistently subjected him to criticism, withheld positive encouragement, refused to look

2

him in the eye, and subjected him to negative performance evaluations. Id. ¶¶ 11-12. Gill alleges that Leitch gave him a negative evaluation only four weeks after becoming his supervisor; this was the first negative performance evaluation that Gill had received during his tenure at Alexion. Id. ¶ 12. Gill alleges that Leitch's negative performance evaluations resulted in denied pay raises. Id. ¶¶ 11-12.

Gill alleges that, after two years, Leitch decided to terminate him and caused Alexion to ratify her decision on the grounds of poor performance. Id. Gill characterizes her rationale as pretextual. Id. ¶ 12. Alexion terminated Gill on August 13, 2015, which was the date set for his formal mid-year evaluation. Id. Gill alleges Defendants hired three white males to perform all of his former engineering duties at greatly increased labor costs. Id. ¶ 13.

Throughout his tenure at Alexion, Gill presented reports regarding "myriad mandatory legal mandates applicable to Defendants." Id. ¶¶ 14. Gill's Complaint simply describes these reports as "statutorily protected complaints" that were communicated to Defendants both verbally and through email. Id. ¶ 16. Gill claims that Alexion executives retaliated against him by authorizing Leitch to supervise him in a manner that would encourage him to quit. Id. ¶ 17. Because he did not quit, Defendants terminated his employment. Id. Gill alleges that if he was not

3

fired, he would have continued to work and would have received future pay raises.  Id. ¶ 20.

Years later, on August 14, 2018, Gill filed this action in the Rhode Island Superior Court.  See Defs.' Notice of Removal to Fed. Ct. ("Notice of Removal"), ECF No. 1.  Defendants removed the action to this Court based on Gill's § 1981 claim.  Id.

II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A two-step analysis governs such a determination. First, the Court must "distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (quotation marks omitted)).  Second, the Court must "determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable."  Id. (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

III. Discussion

    A.   Gill Fails to State a Claim under RIWPA in Counts III and V.[1]

To state a retaliation claim under RIWPA, Gill must establish a prima facie case demonstrating: "1) [he] engaged in protected conduct under the asserted statute, 2) [he] experienced an adverse employment action, and 3) there was a causal connection between the protected conduct and the adverse employment action." See McElroy v. Fid. Invs. Institutional Servs. Co., 298 F. Supp. 3d 357, 366 (D.R.I. 2018) (citing Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 57 (1st Cir. 2000)).

The Court concludes that Gill failed to plead that he engaged in protected conduct under an asserted statute.[2] Gill alleges that he made "complaints" to Alexion regarding engineering "compliance matters." Compl. ¶ 16. Although Gill argues that he does not need to set forth any more details regarding the complaints, his factual allegations fall well short of what is required to state a RIWPA claim. See Pl.'s Mem. 13–14. Not only does he not identify which statute or regulation was being violated by these "compliance

---

[1] The Complaint is unclear as to whether Count III includes Gill's termination. Drawing all inferences in favor of the non-moving party, the Court assumes that Counts III and V are at least partially duplicative. See Compl. ¶¶ 37–40, 43–46.

[2] Gill concedes that his RIWPA claims against Leitch must be dismissed, since RIWPA limits liability for retaliatory conduct only to an employer. Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss 5 ("Pl.'s Mem."), ECF No. 12-1; see R.I. Gen. Laws § 28-50-3.

5

matters," but Gill also fails to plead any details whatsoever describing the substance of his complaints. See McElroy, 298 F. Supp. 3d at 366 (dismissing a RICRA claim when plaintiff offered no evidence to support that she engaged in any protected conduct); Chagnon v. Lifespan Corp., C.A. No. 15-493S, 2017 WL 3278952, at *7 (D.R.I. June 19, 2017), adopted by C.A. No. 15-493S, 2017 WL 3278858, at *1 (D.R.I. Aug. 1, 2017) ("[Under RIWPA] the subject of the whistleblowing must amount to a violation of an identified federal, state or local law or regulation.") (emphasis added).

Gill failed to provide any relevant details about his complaints. Because he did not allege adequate facts to establish his retaliation claims under Counts III and V, those claims must be dismissed.

    B.    Gill's Claim for Discriminatory Terms and Conditions of Employment is Timed Barred in Part.

Gill bases his RICRA claim for discriminatory terms and conditions of employment on: 1) the failure to afford him pay raises; 2) Leitch's consistent unfair and unwarranted criticism; and 3) the termination of his employment. Compl. ¶¶ 11-12.

First, the Court finds that Gill's RICRA claim for the allegedly race based decision to terminate his employment survives. Unlike Gill's other two theories under Count I, the termination occurred within the statute of limitations period of three years: he was terminated on August 13, 2015 and filed in Providence

Superior Court on August 14, 2018. Compl. ¶ 12; Notice of Removal 1. Although this claim appears time barred, Gill possessed an extra day to file because Monday, August 13, 2018 was a state holiday. See Fed R. Civ. P. 6(a)(1)(c) ("[I]f the last day [of the period] is a . . . legal holiday, the period continues to run until the end of the next day . . . .").[3]

To state a RICRA termination claim, Gill must plead facts showing: "1) he is a member of a protected class; 2) he performed his job at an acceptable level; 3) he was terminated; and 4) that the employer filled his position with another individual with qualifications similar to his own." Windross v. Barton Protective Servs., Inc., 586 F.3d 98, 103 (1st Cir. 2009).[4]

Gill's alleged facts, when accepted as true, establish a prima facie case of racial discrimination. See id. Gill is an African American who received several pay raises, promotions, and positive performance reviews over the course of his employment at Alexion. Compl. ¶¶ 4, 9-10. After Leitch became his supervisor, Gill was terminated, and replaced with three "patently less qualified white males" who perform the same duties as he did. Id. ¶¶ 11-13. Thus,

---

[3] Rhode Island Superior Court Rule 6(a) is functionally identical to Fed. R. Civ. P. 6(a)(1)(c) in permitting an extra day to file following a legal holiday.

[4] The Rhode Island Supreme Court routinely looks to federal interpretations of Title VII when analyzing RICRA. Casey v. Town of Portsmouth, 861 A.2d 1032, 1036 (R.I. 2004).

7

Gill, an African American, allegedly was terminated and replaced by less skilled workers, despite being a competent employee.[5] See Windross, 586 F.3d at 103.

Gill's other two theories based on denied pay raises and unwarranted criticism based on his race under Count I are time barred. Gill's termination is the only alleged wrongful act that occurred within RICRA's three-year statute of limitations period. See Compl. Gill argues that the termination serves as an anchoring violation under the continuing violation doctrine that saves his theories of denied pay raises and unwarranted criticism. See Tobin v. Liberty Mut. Ins., 553 F.3d 121, 130 (1st Cir. 2009) ("Under the 'continuing violation' doctrine, a plaintiff may obtain recovery for discriminatory acts that otherwise would be time-barred so long as a related act fell within the limitations period.").

The Court does not accept Plaintiff's argument. Termination is a discrete act of discrimination. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). And the First Circuit has held that the continuing violation doctrine cannot be applied to

---

[5] Defendants argue that Gill's termination claim under Count I should be dismissed for being duplicative to his claims under Counts IV and V. Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss 10, ECF No. 13. However, the court does not find that striking Gill's claim is necessary at this point in the litigation process. See Fed. R. Civ. P. 12(f); Alvarado-Morales v. Dig. Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988) ("A court has considerable discretion in striking 'any redundant . . . matter.'").

revive discrete acts of discrimination. Ayala v. Shinseki, 780 F.3d 52, 57 (1st Cir. 2015) (citing Tobin, 553 F.3d at 130). Rather, the doctrine applies to acts that, by their very nature, require repeated conduct that can occur over a series of days, or even years. Tobin, 553 F.3d at 130. A termination does not meet this definition. See id.; see also Russell v. Enter. Rent-A-Car Co. of R.I., 160 F. Supp. 2d 239, 262 (D.R.I. 2001) ("The plaintiff's termination was an isolated event, which alone did not constitute a continuing violation.").

Accordingly, with regard to Count I, only Plaintiff's race-based termination claim remains viable.

C. Gill's Hostile Work Environment Claim under RICRA is Untimely and Inadequately Plead (Count II).

Like his claims for discriminatory terms and conditions of employment, Gill's hostile work environment claim is untimely. Again, Gill relies on the continuing violation doctrine to resurrect his RICRA claim. See Pl.'s Mem. 6-11. But as previously discussed, the continuing violation doctrine is not applicable. Gill's termination cannot serve as the anchoring violation because it was a discrete act that was not part of a pattern of severe or pervasive workplace conduct. See Tobin, 553 F.3d at 130; see also Russell, 160 F. Supp. 2d at 262.

Regardless of whether Count II is time barred, the Court finds that Gill did not plead sufficient facts to plausibly allege a

9

hostile work environment claim under RICRA. To plead such a claim, he must establish:

> 1) that he is a member of a protected class; 2) that he was subjected to unwelcome racial harassment; 3) that the harassment was based upon race; 4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of his employment and create an abusive work environment; 5) that racially objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and 6) that some basis for employer liability has been established.

Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 317 (1st Cir. 2016) (brackets omitted) (citing Douglas v. J.C. Penney Co., 474 F.3d 10, 15 (1st Cir. 2007)).

The Court finds that the well-plead facts, accepted as true, do not establish a hostile work environment claim under RICRA. To determine whether these facts enter the realm of unlawful discrimination as being hostile or abusive, the Court looks to all the circumstances, including the frequency and severity of a defendant's conduct, whether it was physically threatening or humiliating, and whether it unreasonably interferes with the plaintiff's work performance. See Marrero v. Goya of P.R., Inc., 304 F.3d 7, 18–19 (1st Cir. 2002) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 23 (1993)).

Much of what Gill alleges about his work environment is conclusory. The non-conclusory, well-plead facts allege that Leitch did not respect Gill's professional judgment, withheld positive

10

encouragement, consistently criticized him, subjected him to negative performance reviews, refused to look him in the eye, and gave him his first disappointing performance evaluation only four weeks after she commenced as his supervisor. Compl. ¶¶ 11–12.

Even if the alleged events occurred on a consistent basis, the alleged conduct is not severe enough to constitute a hostile work environment claim. See id. The First Circuit has held that "a tense or uncomfortable working relationship with one's supervisor [is], without more, insufficient to support a hostile work environment claim." Flood v. Bank of Am. Corp., 780 F.3d 1, 12 (1st Cir. 2015). Gill merely pleads facts that are common occurrences in a supervisor/employee relationship, which fall far short of unlawful discrimination. See id. Because Gill does not allege that Leitch's conduct went beyond providing criticism and negative performance reviews, his claim must be dismissed. See Colón-Fontánez v. Municipality of San Juan, 660 F.3d 17, 44 (1st Cir. 2011) (finding that a supervisor avoiding an employee, not permitting an employee in her office, and yelling at the employee in front of fellow co-workers was not sufficiently severe and pervasive); see also Vega-Colon v. Wyeth Pharms., 625 F.3d 22, 32–33 (1st Cir. 2010) (finding that frequent name calling by supervisors did not "establish even a baseline claim of an 'abusive working environment.'").

Thus, regardless of whether the hostile work environment claim is time barred, Gill's complaint does not plead adequate facts to establish such a claim under Count II.

IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 6, is GRANTED IN PART and DENIED IN PART.  Regarding Count I, Plaintiff is limited to pursuing his theory of discriminatory termination.  Count II is DISMISSED WITH PREJUDICE as time barred. Counts III and V are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  July 31, 2019